UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK     </u>

UNITED STATES OF AMERICA,

   -against-                                          1:03-CR-0367
                                                                                (LEK)

JAMES GAROFALO,

               Defendant.

## **MEMORANDUM-DECISION AND ORDER**

On May 11, 2005, the Second Circuit remanded this case pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005) to provide the district court with an opportunity to determine whether it would have sentenced the defendant James Garofalo ("Defendant") differently in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). The Second Circuit's decision in this case does not direct the Court to vacate the prior sentence and resentence Defendant. Instead, if after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, the Court finds that it would have imposed a materially different sentence, resentencing of Defendant is required. <u>Crosby</u>, 397 F.3d at 120.

On August 22, 2003, Defendant walked away from his work duty at the Federal Correctional Institute in Raybrook, New York. As a result, he was charged with escape under 18 U.S.C. § 751(a). Dkt. No. 1. Defendant entered a conditional guilty plea on March 9, 2004. Dkt. No. 26. A presentence investigative report was prepared, which found that Defendant's base offense level was 11 and his criminal category was IV, providing a sentencing guideline

1

range of 18 to 24 months. PSI ¶ 53. This Court sentenced Defendant on June 22, 2004, to eighteen months incarceration to run consecutively to the tax evasion sentence he was serving and a concurrent term of supervised release. Dkt. No. 30.

On June 16, 2005, the Court directed Defendant and the Government to submit sentencing memoranda pursuant to Crosby. Dkt. No. 40. Defendant contends that a sentence of fifteen months or a modification to run the sentence concurrent to that which he was serving at the time of his original sentence is a reasonable one for an almost fifty year old man with a minor criminal record. Request for Resentence (Dkt. No. 43). The Government opposes the request for resentencing. Dkt. No. 41.

The Court has reviewed those submissions, along with the original judgment and commitment, the plea agreement, and the original presentence report. In addition, the Court has reviewed Booker and Crosby and has considered all the sentencing factors listed in 18 U.S.C. § 3553(a), while keeping in mind that the United States Sentencing Guidelines are now advisory.

Whether the Guidelines are advisory or not, the Court sees no basis to modify the original sentence. The Court has reviewed all the factors under 18 U.S.C. § 3553(a) and would not change Defendant's original sentence in any respect. In light of all the facts, the Court finds that the eighteen month sentence is a reasonable one and declines to resentence in light of Booker and Crosby.

Therefore, Defendant's motion for a resentencing is denied. Pursuant to Crosby, 397 F.3d 103 (2d Cir. 2005), the Court declines to modify or change the original sentence and states that the sentence imposed in this case on June 22, 2004 would be imposed now under the

principles enunciated in Booker.

Accordingly, it is hereby

ORDERED that Defendant's application for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:	August 03, 2005
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3